IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KING JOSEPH PENSON, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2871-O-BN |
| | § | |
| CONSUMERS CREDIT UNION, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY

*Pro se* plaintiff King Joseph Penson, II filed this lawsuit in a state court in Kaufman County, Texas, and Defendant Consumers Credit Union ("Consumers" or "CCU") removed, asserting that there is federal subject-matter jurisdiction based on complete diversity because Penson improperly joined two non-diverse defendants. *See* Dkt. No. 1.

Chief Judge Reed O'Connor referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The day after removal, Penson filed a motion to remand raising procedural defects and challenging the Court's subject-matter jurisdiction. *See* Dkt. No. 6.

And, because the undersigned also questioned whether there was subject-matter jurisdiction under 28 U.S.C. § 1332, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)), the Court

ordered Consumers to respond to Penson's motion and the undersigned's jurisdictional concerns, *see* Dkt. No. 7.

Consumers responded. *See* Dkt. No. 10.

And Penson replied. *See* Dkt. No. 11.

Consumers also moved to dismiss Penson's complaint. *See* Dkt. Nos. 8 & 9.

And, while Penson did not respond to the motion to dismiss, *cf.* N.D. Tex. L. R. Civ. P. 7.1(e), he notified the Court on April 2, 2026 of his intent to possibly voluntarily dismiss this lawsuit, *see* Dkt. No. 13 ("Plaintiff elects to proceed in a separately filed action and will take appropriate steps regarding this matter.").

Consumers responded to Penson's notice on April 13, in part stating that

> Plaintiff recently filed a separate state court action against CCU that, albeit frivolous, arises from the same alleged facts and occurrences pleaded in this case. Plaintiff seeks to abandon this current lawsuit. CCU believes that Plaintiff seeks to dismiss solely to avoid a merits ruling so that he may proceed with the new lawsuit in a different forum. *See Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988) (legal prejudice from parallel litigation may result from dismissal without condition). CCU does not object to the dismissal of this action, provided that it is with prejudice or on the merits, as CCU has already expended time and effort briefing its Motion to Dismiss in this action.

Dkt. No. 14, ¶ 1.

Federal Rule of Civil Procedure 41(a) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A).

"To be effective[, consistent with the text of the rule], plaintiff's voluntary notice of dismissal must be filed with the court prior to defendant's service of the

answer." *Keach v. Monarch Life Ins. Co.*, 126 F.R.D. 567, 568 (D. Kan. 1989); *see also Aero-Colours, Inc. v. Propst*, 833 F.2d 51, 52 (5th Cir. 1987) (per curiam) ("We agree with the Seventh Circuit's succinct statement of the intent of the rule: 'Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not. We are unwilling to upset the balance struck in Rule 41(a)(1) by adding some different test.'" (quoting *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983))).

Put more bluntly, "one doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute, as Rule 41(a)(1) and the cases interpreting it make clear, until, as the rule states, the defendant serves an answer or a motion for summary judgment." *Marques v. Federal Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002) (citations omitted).

And, here, no answers or motions for summary judgment have been filed. So, if the Court considers Penson's April 2 notice effective under Rule 41(a)(1)(A)(i), this lawsuit was dismissed when that notice was filed.

And it doesn't matter that Consumers "has already expended time and effort briefing its Motion to Dismiss in this action."

Because, again, "[u]nless a defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1)," so "[d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer." *Carter*

- 3 -

*v. United States*, 547 F.2d 258, 259 (5th Cir. 1977); *accord In re Amerijet Int'l, Inc.*, 785 F.3d 967, 974 ("[O]nly an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i)." (citing *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975))); *cf. Srivastava v. Rosenberg*, 88 F. App'x 950, 951 (7th Cir. 2004) (per curiam) ("It is well settled that a judgment on the merits entered after a plaintiff has filed a proper rule 41(a)(1) notice of dismissal is indeed void." (cleaned up)).

But, here, the undersigned cannot find that Penson's notice providing that he "elects to proceed in a separately filed action and *will* take appropriate steps regarding this matter" – a statement that he will take an additional step at some indefinite time in the future – is effective to operate as a notice voluntarily dismissing this lawsuit under Rule 41(a)(1)(A)(i) as of April 2. Dkt. No. 13 at 1 (emphasis added).

If Penson intends to voluntarily dismiss this lawsuit under Rule 41(a)(1)(A)(i), he should file a notice clearly stating that intent.

SO ORDERED.

DATED: April 13, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -